23-6397-cr
*United States v. Owens*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty-six.

PRESENT:     DENNIS JACOBS,
             SARAH A. L. MERRIAM,
                    *Circuit Judges*;
             LAWRENCE J. VILARDO,
                    *District Judge*.*

_____

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                                                          No. 23-6397-cr

MAURICE OWENS, a/k/a Reeski,

    *Defendant-Appellant*,

---

\* Judge Lawrence J. Vilardo of the United States District Court for the Western District of New York, sitting by designation.

ROBERT WALKER, a/k/a T.O.; PRINCE SMITH,

     *Defendants*.

_____

FOR DEFENDANT-APPELLANT:     Lucas Anderson, Rothman, Schneider, Soloway & Stern, LLP, New York, NY

FOR APPELLEE:     Thomas R. Sutcliffe, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION,** the April 11, 2023, judgment of the District Court is **AFFIRMED** in part and **VACATED AND REMANDED** in part.

Defendant-appellant Maurice Owens appeals from the judgment of the District Court convicting him, after a plea of guilty, of conspiracy to distribute and to possess with intent to distribute fentanyl in violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(B); possession of a firearm in connection with that conspiracy in violation of 18 U.S.C. §924(c)(1)(A)(i); and distribution of and possession with intent to distribute fentanyl in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). The District Court sentenced Owens principally to a term of 138 months of imprisonment, followed by four years of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Owens contends that the District Court committed plain error in accepting his plea of guilty to the charge of possession of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. §924(c). Specifically, Owens contends that the drug-trafficking conspiracy charged in the Indictment had not yet begun when he possessed the charged firearm. When a defendant had a meaningful opportunity to make objections and "failed to raise them before the district court," this Court generally reviews for plain error. *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). Under plain error review, Owens must demonstrate "(1) an error, (2) that is plain and (3) that affects substantial rights." *United States v. McAdam*, 165 F.4th 688, 699 (2d Cir. 2026) (citation modified). We find that Owens has not established that the District Court plainly erred in accepting his counseled, voluntary plea of guilty, and thus we affirm the conviction.

Owens next argues that the District Court should not have increased his Sentencing Guidelines offense level by four levels because insufficient evidence supported the District Court's finding that Owens was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. §3B1.1(a). This increase was recommended in the Presentence Report ("PSR"), and neither Owens nor his counsel objected to it, so we again review for plain error.

At sentencing, the District Court confirmed that Owens had no "objections to the facts as stated" or "to the offense level calculations in the Presentence Report[,]" App'x at 211, and subsequently "adopt[ed] the factual information and the guideline applications contained in the" PSR, App'x at 219. The PSR stated that Owens qualified for this offense level increase because he "directed the fentanyl distribution activities of" four

3

individuals and directed a fifth individual "to collect proceeds from drug sales." PSR ¶31. "A district court need not specifically recite all the facts relevant to its Guidelines calculation; rather, it is sufficient for the district court to adopt the findings in the presentence report – *if* those findings are adequate to support the sentence imposed." *United States v. Ahders*, 622 F.3d 115, 119 (2d Cir. 2010) (per curiam). We find no plain error, and we therefore affirm this aspect of the Guidelines calculation.

Finally, Owens contends that the District Court erred in imposing a condition of supervised release subjecting his "person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant." App'x at 227. We agree.

The PSR recommended two special conditions of release, but it made no mention of a condition providing for warrantless searches. At sentencing, the District Court imposed "the standard conditions that have been adopted by this Court" and the "special conditions" attached to the PSR. App'x at 220. The District Court read those special conditions into the record and found that they were reasonably related to the sentencing factors set forth in 18 U.S.C. §3553(a). It did not specify or explain any of the so-called "standard conditions" imposed.

In the written judgment, the District Court imposed fifteen conditions under the heading of "Standard Conditions." *See* App'x at 227. These conditions mirror those set forth in General Order #23, a standing order in effect in the Northern District of New

4

York at the time of sentencing.[1]  Included among these was Condition 15 – the warrantless search condition and the only condition challenged here.[2]

The government asserts that plain error review applies because Owens did not object to the condition below.  "However, unobjected-to supervised release conditions are reviewed for plain error *only* if the defendant had a meaningful opportunity to object to them."  *McAdam*, 165 F.4th at 696 (citation modified).  Like the defendant in *McAdam*, Owens "did not have a meaningful opportunity to object."  *Id*.  Indeed, the District Court in *McAdam* used precisely the same words to impose precisely the same conditions that were imposed here.  *See id.* at 691-92.  As was true in *McAdam*, "Condition[] . . . 15 [was] never stated or clearly referenced by the District Court, and, as a result, [Owens] could not object to [it] at the sentencing hearing or, indeed, at any time before the entry of the written judgment.  Accordingly, plain error review is not appropriate here."  *Id.* at 696 (citation modified).

In any event, whether we review for plain error or not, the District Court erred.  The warrantless search condition is not a mandatory condition of supervised release required by statute.  *See* 18 U.S.C. §3583(d).  Like all conditions not listed in the statute as mandatory, a search condition is purely discretionary, *see McAdam*, 165 F.4th at 693;

---

[1] We have previously held that "[b]oth [18 U.S.C. §3583(d)] and the Guidelines prohibit the kind of mandate imposed by General Order #23" because all of the conditions listed therein are discretionary, and "[a] sentencing judge cannot be forced to impose a *discretionary* condition." *United States v. McAdam*, 165 F.4th 688, 696 (2d Cir. 2026).  We presume that the Northern District of New York has taken note of this holding and that General Order #23 is no longer in effect.

[2] We do not vacate the imposition of any other conditions because they are not challenged by Owens on appeal.

5

indeed, a similar condition was, at the time of Owens' sentencing, recommended by the Guidelines only for defendants convicted of sex offenses, which Owens was not. *See* U.S.S.G. §5D1.3(d)(7)(C) (Nov. 1, 2023). Therefore, the District Court was required to orally pronounce this condition in the defendant's presence at sentencing. *See McAdam*, 165 F.4th at 693 ("All discretionary conditions of supervised release require oral pronouncement at sentencing."); *see also United States v. Maiorana*, 153 F.4th 306, 313 (2d Cir. 2025) (en banc) ("Mandatory conditions may be imposed without prior notice or pronouncement. Discretionary conditions may not.").

The warrantless search condition would impose burdensome restrictions on Owens, but it was not a part of the sentence orally pronounced in his presence. It must therefore be vacated and removed from the written judgment.[3]

We have considered Owens's remaining arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the April 11, 2023, judgment as to the conviction and sentence of incarceration. We **VACATE** the imposition of Condition 15

---

[3] Because Condition 15 is a special condition, the District Court was also required to make particularized findings before imposing it. *See United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) ("A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error."). The District Court failed to conduct an individualized assessment of the need for Condition 15 and failed to articulate any rationale for imposing the condition. Indeed, as in *McAdam*, "[t]he District Court made no assessment whatsoever of the need for these conditions." *McAdam*, 165 F.4th at 697. On remand, if the District Court wishes to impose the condition, it must orally pronounce the condition in Owens' presence, conduct an individualized assessment of the need for it, and articulate its rationale for imposing it.

of Supervised Release and **REMAND** with instructions to amend the judgment to remove that condition.[4]

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Owens filed a motion to strike material from the government's brief that was not included in the District Court record. *See* Motion to Strike, ECF No. 39. As to the General Order that was in effect at the time, we can take judicial notice of Local Rules and standing orders, whether or not included in the formal record on appeal. As to the reference to a conversation with a probation officer, the Court did not consider that claim in reaching its decision. We therefore **DENY** the motion to strike as moot.